JUDGE LINDSAY
delivered the opinion op the court.
Appellant sued out his attachment under the provisions of section 5, article 2, chapter 56, of the Revised Statutes. The grounds are that his tenant intended to remove, was removing, and had within fifteen days removed his property from the leased premises, and that he (the landlord) believed that unless an attachment was issued he would lose his rent. The grounds of attachment were denied, and upon final trial it was discharged.
*168 It is evident from the language of the statute that landlords suing out attachments under its provisions are not to be held to the same strictness of proof as parties, proceeding under the Code of Practice, who attach to secure the payment of ordinary debts. It is the policy of the law to prefer landlords, and they are given an “exclusive lien on the produce of the farm or premises rented, on the fixtures, on the household furniture, and other personal property of the tenant or under-tenant found upon the rented premises after possession is taken under the lease;” provided that such lien shall exist for no more than one year’s rent, nor for any rent that has been due more than four months. (Act of Feb. 16, 1858, 2 Stanton’s Revised Statutes, p. 99.)
The sale or removal from the leased premises of any property bound by this lien is a violation of the landlord’s legal rights, and whenever so much of it is removed or is about to be removed as to give the landlord reasonable ground to believe that the collection of his rent will be endangered his right to attach accrues.. When he ascertains that the tenant without his consent is selling or removing any considerable portion of the property upon which he holds a lien he may proceed to secure himself, and he is not bound to wait until there is barely enough property left upon the premises to sell at public outcry for the amount of his rent-claim. He must have reasonable ground for apprehension, but he can not be compelled to wait until his belief ripens into absolute conviction.
In this case the tenant sold his entire crop of tobacco and delivered a portion of it, and collected from the party to whom he sold about double the value of that delivered. As an evidence that the crop of tobacco was a material part of the crop, it appears that the undelivered portion of it, together with the corn and hay remaining on the premises and not exempt from levy and sale, were sold under the attachment *169 at public outcry for barely enough to satisfy the claim for rent. It is true that the proof conduces to show that appellee had two or three horses that were subject to execution; but,' as before stated, appellant was not bound to wait until the last moment before taking steps to secure himself.
We are of opinion that the attachment in this case should not have been discharged. The judgment appealed from is therefore, reversed, and the cause remanded with instructions to render a judgment sustaining it, and for further proper proceedings.