JAMES A. JOHNSON *v.* T. J. DUNN, ET AL.

**Attachment—Landlords.**

It is held that landlords suing out attachments are not held (under the provisions of R. S., p. 99) to the same strictness of proof as parties proceeding under the code of practice to secure ordinary debts.

RESPONSE TO PETITION FOR REHEARING.

February 9, 1876.

OPINION BY JUDGE PETERS:

If appellees had permitted appellant to file his affidavit tendered by him in this case at the May term of the court, 1875, and read it to the court, they would have had his sworn statement that his attachment was sued out on Sunday, for he then says the attachment for rent was issued on the "twenty-second day of November last, about 9 o'clock P. M.," and the evidence in the cause shows the 22nd of November, 1874, was on Lord's day, or Sunday; but that affidavit was ruled out on the motion of appellees.

The proceedings in the court below and the judgment in that court show that appellees staked their success on establishing the fact that

the attachment was issued on the Lord's day. The argument in this court was to that point, but now, in the petition for rehearing, it is insisted that the evidence is not sufficient to sustain the attachment, and the judgment should be affirmed on that ground.

It was held by this court in *McLean v. McLean,* 10 Bush 167, that from the language of the 2 Revised Statutes 99, landlords suing out attachments under its provisions are not held to the same strictness of proof as parties proceeding under the code of practice to secure ordinary debts. The provision of the General Statutes, Sec. 13, Art. 2, Chap. 55, is precisely the same as the act of February 16, 1868, 2 S. R. S. P. 99. In the case supra the court held that when the landlord ascertains that his tenant, without his consent, is selling or removing any considerable portion of the property upon which he holds a lien, he may proceed to secure himself, and he is not bound to wait until there is barely enough property left upon the premises to sell at outcry to satisfy his rent claim.

From the report of the sale of the property attached made by the commissioner appointed by the court, the sum of $404.30 was all that was realized by the sale, very little over the sum owing appellant for rent, exclusive of costs, and of said sum of $404.30, $119.10 were the proceeds of the hogs. Without them the amount realized from the sale would have fallen far short of enough to pay the rent; and Gray proves that before the attachment was sued out appellant, Dunn, had sold the hogs and had removed them two miles from the leased premises, taking them to the railroad.

Perceiving no reasons for changing the opinion of this court heretofore delivered, the petition must be overruled.

*Smith & DeJannett, for appellant.   Clark & Simon, for appellees.*