## McLemore, et al. v. Treadway.

(Decided April 29, 1921.)

### Appeal from Montgomery Circuit Court.

1. **Attachment—Attachment for Rent—Evidence.**—In proceedings under Ky. Stats., section 2302, providing that a landlord who has reasonable grounds for belief and does believe that unless an attachment issues he will lose his rent, the same strictness of proof to substantiate these grounds is not required as in a case of an attachment to secure the payment of an ordinary debt.

2. **Attachment—Attachment for Rent—Lien.**—A landlord held justified in procuring an attachment where he was under the impression that unless he did so he would lose his lien for rent under Ky. Stats., section 2317, and where it also appears the lessee was insolvent and without the knowledge or consent of the lessor he had mortgaged his share of the crop raised on the leased premises.

ROBT. H. WINN and CHAS. D. GRUBBS for appellants.

W. B. WHITE and R. G. KERN for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

Appellants owned a farm of 158 acres, 115 acres of which they rented to appellee in March, 1919. Under the lease 20 acres of the land were to be planted in tobacco, of which the parties were each entitled to one-half; for the remainder of the acreage appellee agreed to pay $1,000 as rent March 1, 1920.

Under the assumption they were about to lose their rent, appellants, through their agent, filed an affidavit upon which an attachment was issued and this was levied on the tenant's one-half interest in the tobacco, which had been removed by him from appellant's farm to the place then occupied by appellee. Appellee by answer admitted an indebtedness of $756 and denied there existed any grounds for an attachment. Upon trial the attachment was discharged and appellants were given a personal judgment for $866, complaining of which this appeal has been taken.

By Ky. Stats., section 2302, provision is made for the filing of an affidavit by a person to whom rent is due, stating there is reasonable ground for belief and he does believe that unless an attachment issues he will lose his rent. Whether the facts warranted such a belief on appellants' part is the question before us.

Appellee is insolvent and he had no property subject to execution other than the crop of tobacco, which consisted of about 7,920 pounds.

Owing to a misunderstanding between appellee and one of the appellants they were unable, at a conference held in January, 1920, to reach an agreement looking to a settlement of the rent before its due date. It was then ascertained (January, 1920) that appellee had mortgaged his one-half of the tobacco to one Clay for $1,000, and that a quantity of the tobacco had been hauled from appellants' property to appellee's barn for the purpose of stripping. Under the impression that this tobacco was so removed from appellants' land about January 1, and that after fifteen days they would lose their lien on said tobacco, under Ky. Stats., 2317, the insolvency of appellee and mortgage to Clay considered, the affidavit for an attachment was filed January 13, 1920.

The mortgage, which was to a tobacco warehouseman, was executed September, 1919. The tobacco was removed to appellee's barn with the knowledge and consent of appellant Campbell, who failed to testify in the case. Appellee says Campbell was at his home for about four days in November, 1919, at which time some of the tobacco had been hauled and they were busy stripping it ready for sale; that he promised to let appellant McLemore know when they got ready to market the crop, but the levy of the attachment prevented him from carrying out this agreement.

In McLean v. McLean, 10 Bush 167, it is said that landlords are not held to the same strictness of proof in suing out an attachment under the statute aforesaid as are parties who attach to secure the payment of ordinary debts. The policy of the law being to prefer landlords, the sale or removal from the leased premises of any property bound by the lien is a violation of the landlord's legal rights and whenever so much of it is removed or is about to be removed without the landlord's consent, as to give him reasonable ground to believe the collection of the rent will be endangered, his right to attach accrues. Likewise when the landlord ascertains that the tenant without his consent is selling or removing any considerable portion of the property upon which he holds a lien he may proceed to secure himself and is not bound to wait until there is barely enough property left upon the premises to secure his rent. While the landlord must have

reasonable grounds for apprehension, he cannot be compelled to wait until his belief ripens into absolute conviction.

Porter v. Sparks, 19 Rep. 1211, 43 S. W. 220, presented facts somewhat similar to those shown by the present record. The tenant had raised a considerable crop of corn, and the landlord had endeavored to have him pay or secure his rent in some manner; though the tenant promised so to do, he continued to dispose of the crops. It was also shown that the tenant's personal property was heavily mortgaged and the landlord, fearful he would lose his rent, obtained an attachment. It was held the facts constituted reasonable grounds for belief that without the attachment the rent would have been lost.

It will generally be found in those cases where the court has held the grounds were insufficient to justify a reasonable belief the rent would be lost, that the tenant had ample property to secure the rent. Mattingly v. Mattingly, 8 Ky. Ops. 777.

No such facts are shown here. Not only was the tenant insolvent but the placing of the mortgage on his one half of the crop, and the fact he had no property subject to execution constituted reasonable grounds for belief on the part of the landlord that unless the attachment issued he would lose his rent. The mortgage to the warehouseman was almost as effective to deprive the lessor of the rent as if the lessee had made a sale of his one-half of the crop. If he had placed one mortgage on the tobacco there was nothing to keep him from placing others thereon, thus further destroying all hope of realizing the rent. Nor was it known at that time, as it afterwards developed, that the sale of lessee's one-half would not realize the amount of the mortgage.

In Hovious v. C. N. O. & T. P. R. R. Co., 32 Rep. 786, 107 S. W. 214, it is held that reasonable grounds of belief consist of such matters as would induce a person of ordinary prudence to believe it under the circumstances.

In Toff, etc., v. Martin, etc., 13 Wall. 40, which involved the question of insolvency in a bankruptcy proceeding, it was held that a creditor has reasonable grounds to believe a debtor to be insolvent when such state of facts is brought to his notice respecting the affairs and pecuniary condition of the debtor as would lead a prudent business man to the conclusion that the former was not able to

meet his obligations as they matured in the ordinary course of business. The statute to defeat the conveyance does not require that the creditor should have had absolute knowledge on the point, but only that he should have had reasonable cause to believe such was the fact.

The object of an attachment in all cases of a removal of the crop is to protect the lien of the landlord from being defeated by a sale to an innocent third party for value. Underhill on Landlord and Tenant, section 854.

The record considered the circumstances were such as to justify the apprehension by a reasonably prudent man that unless an attachment issued he would lose his rent, this being true appellants were justified in taking the action which they did. From what has been said it follows the lower court erred in discharging the attachment.

The judgment is accordingly reversed for further proceedings not inconsistent herewith.